IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ROBERT NELSON HOWELL,

Defendant.                                              No. 98-CR-30200-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

On November 17, 2000, the Court sentenced Howell to 360 months imprisonment (Doc. 245) and the Clerk of the Court entered Judgment reflecting the same on November 27, 2000 (Doc. 249). On November 7, 2011, Howell sent a letter which the Court construed as a motion for reduction of sentence pursuant to U.S.S.G. Amendment 750 (Doc. 395). The Court appointed counsel to represent Howell on the issue of a sentencing reduction in light of the amendments to the United States Sentencing Guidelines, and counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 408). *See Anders v. California*, 386 U.S. 738, 744 (1967). Thereafter, the Court allowed Howell an opportunity to respond to the motion to withdraw; which he did so on February 19, 2013 (Doc. 410).

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term

of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Howell *is* not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 750 and the Fair Sentencing Act of 2010 pertain only to offenses regarding crack cocaine. But Howell was sentenced for a crime involving powder cocaine only; in excess of 150 kilograms of cocaine powder. The Sentencing Commission did not lower the offense level for powder cocaine, only crack cocaine. Thus, Howell's guideline range has not been lowered, and he

cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 408) and **DISMISSES for lack of jurisdiction** Howell's motion for a sentence reduction (Doc. 395).

**IT IS SO ORDERED.**

Signed this 20th day of February, 2013.

Digitally signed by David R. Herndon
Date: 2013.02.20 12:34:15 -06'00'

**Chief Judge**
**United States District Court**